UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

---

No. 25-2940

---

Dakotans for Health; Rick Weiland

Plaintiff-Appellee

v.

Monae Johnson, Secretary of State; in her official capacity only

Defendant-Appellant

---

**Reply Brief in Support of**
**Motion for Attorney Fees and Costs**

Dakotans for Health does not object to this Court holding this motion until it resolves the State's petition for rehearing en banc. This will allow Dakotans for Health to supplement its motion with the fees incurred responding to the petition. But in all other respects, the State's response lacks merit.

The State asserts that counsel's services were excessive considering that he argued in the district court that collateral estoppel resolved this litigation.

But that argument failed in the district court. Dakotans for Health did not pursue that argument in this appeal. So it is irrelevant now. And in any event, contrary to the State's argument, *South Dakota Voice v. Noem*, 60 F.4th 1071 (8th Cir. 2023), was not "identical" to this case.

According to the State, 60 hours was too many for counsel to spend on the merits brief. Excluding the Table of Contents, Table of Authorities, and similar matters, the merits brief is 53 pages long. Considering that the case was tried over parts of two days in the district court, and that the Joint Appendix is 823 pages long, producing a 53-page brief in 60 hours shows extreme efficiency.

Finally, the State provides only its *ipse dixit* that counsel's billing rate of $500 per hour is unreasonable. Dakotans for Health's motion justifies the rate based on counsel's 51 years' experience and his Declaration; by a Declaration from former State Bar President Stephanie E. Pochop; and by the district court's recent fee awards in civil rights litigation to an attorney with 25 years' experience of $573 per hour, to an attorney with 13 years' experience of $536

per hour, and to an attorney with 6 years' experience of $473 per hour. In response to this evidence of reasonableness, the State provides no contrary evidence at all. Not a Declaration. Not another court ruling. Nothing.

The State has provided no reason to award less than the lodestar. The State's position that this was an unexceptional case cannot be squared with its current petition for rehearing en banc, or with its suggestion that if its petition is denied, it will seek Supreme Court review. Entry ID: 5679323 at 3, referring to "further proceedings that might come after" the petition for rehearing en banc is resolved. Dakotans for Health will supplement counsel's fees after it responds to the State's petition for rehearing en banc.

Dated: September 2, 2026 Respectfully submitted,

/s/ James D. Leach
James D. Leach
Attorney at Law
1617 Sheridan Lake Rd.
Rapid City, SD 57702
(605) 341-4400
jim@southdakotajustice.com
Attorney for Plaintiffs

Certificate of Service

I certify that on September 2, 2026, I filed this document electronically, thereby causing automatic electronic service to be made on all parties.

/s/ James D. Leach
James D. Leach

Certificate of Compliance

I certify that this document contain 394 words. It has been scanned for viruses and is virus-free.

/s/ James D. Leach
James D. Leach