UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

No. 25-2940

Dakotans for Health; Rick Weiland

Plaintiffs-Appellees

v.

Monae Johnson, Secretary of State; in her official capacity only

Defendant-Appellant

Appeal from the United States District Court
for the District of South Dakota, Southern Division,
Hon. Camela C. Theeler, U.S. District Judge

**Response to Petition for Rehearing En Banc**

James D. Leach
Attorney at Law
1617 Sheridan Lake Rd.
Rapid City, SD 57702
Tel: (605) 341-4400

The state's petition for rehearing conflicts with this circuit's controlling precedent, the record, the state's concessions, and the panel opinion. Rehearing en banc should be denied because it is unnecessary to maintain or secure the uniformity of this Court's decisions, or to decide questions of "exceptional importance." Eighth Circuit Internal Operating Procedures Section IV.D. Nor is the case "of such significance to the full court that it deserves the attention of the full court." *Western Pac. Ry. Corp. v. Western Pac. Ry. Co.*, 345 U.S. 247, 262-63 (1953).

*SD Voice v. Noem*, 60 F.4th 1071 (8th Cir. 2023), held that South Dakota's one-year pre-election filing deadline for citizen initiative petitions violated the First Amendment because it suppressed core political speech—petition circulation—for no good reason. The one-year deadline "effectively banned [petition circulation for] an entire year before the general election." 60 F.4th at 1080. Such "deadlines far before election day are problematic because of the general disinterest of potential voters so far removed from elections." *Id.*,



Appellate Case: 25-2940 Page: 2 Date Filed: 09/16/2026 Entry ID: 5684274

quoting *Libertarian Party of Arkansas v. Thurston*, 962 F.3d 390, 400 (8th Cir. 2020).

*SD Voice* suggested that the one-year deadline was subject to strict scrutiny because it imposed a "severe" burden on political speech. *Id*. ("[W]e harbor doubt that the burden on the ability to engage in political speech as a result of the deadline is less than severe"). But it did not reach that question, because the one-year deadline "fail[ed] under scrutiny for burdens that are less than severe." *Id.*

In response to *SD Voice*, the South Dakota Legislature adopted a six-month deadline. This was consistent with the district court's previous ruling, after a trial, that "a filing deadline of six months before the election at which the initiative would receive a vote is the constitutional limit for how remote a deadline may be set from the election." *SD Voice v. Noem*, 557 F. Supp. 3d 937, 948 (D.S.D. 2021).

In 2024, using the new six-month deadline, citizens qualified initiatives for a statewide vote on controversial subjects: marijuana, abortion, sales tax,

and non-partisan primary elections. And citizens proposed two initiatives for the 2026 ballot to increase citizen power in the initiative process, and correspondingly weaken the Legislature's power. Entry ID 5592938, Brief for Dakotans for Health at 5-6. The 2025 Legislature responded by increasing the filing deadline from six to nine months before the election. Entry ID 5592938, Brief for Dakotans for Health at 6-7.

In this appeal, to attempt to justify the new deadline's suppression of three months of core political speech, the state made only two arguments. One was that the district court erred by "failing to credit its provision of time for citizens to complete pre-election petition challenges as an 'important regulatory interest[.]'" Slip op. at 3. The second was that the district court erred by finding, after a trial, that the earlier deadline "failed to serve that interest." *Id.*

The panel expressed "doubt" about the first argument—the state's alleged interest in private petition litigation—because the state did not assert that interest in *SD Voice*. Slip op. at 4 n. 4 ("The state's failure to assert its



Appellate Case: 25-2940 Page: 4 Date Filed: 09/16/2026 Entry ID: 5684274

interest in private petition litigation in *SD Voice* supplies reason for doubt.") But the panel did not need to reach this issue because the state's second argument failed, providing a "clearer ground for affirmance[.]" *Id.*

In affirming, the panel relied on undisputed facts and conclusions:

- "[T]he state does not dispute that South Dakota law permits courts to provide petition challengers with complete relief post-election and thereby protect the integrity of the election process." Slip op. at 4.
- "[T]he district court record firmly established the improbability of fully resolving private petition challenges prior to the general election even under the new deadline. In fact, the state's central example of petition litigation that would have benefitted from the nine-month deadline is a case that at best would have gone to trial just weeks before the general election." Slip op. at 5.



Appellate Case: 25-2940 Page: 5 Date Filed: 09/16/2026 Entry ID: 5684274

- "We see no reason to credit the state's assertion that the new deadline furthers its interest in the complete litigation of petition challenges when its own briefing suggests any such litigation would almost certainly continue past the election." *Id.*
- "[T]he state has offered us no evidence that the incremental three-month extension would make a difference." *Id.*
- "Without 'evidence connecting the [new] deadline to its asserted interests,' the state has failed to justify the burden that the deadline imposes on its citizens' speech." *Id.*, quoting *SD Voice*, 60 F.4th at 1082.

Finally, the panel rejected the state's conclusory assertion that the earlier deadline would increase public confidence in the initiative and referendum process. The panel ruled that the state "fail[ed] to explain" why legal challenges that were pending in the trial court or on appeal when the general election occurred would increase citizen confidence. To the contrary, the

panel suggested "an increase in voter confusion and distrust if, post-election, the state's supreme court reversed a trial court's pre-election petition decision." Slip op. at 5. The panel ruled that the state failed to provide "sufficient factual or legal support for the proposition that pre-election petition litigation, in general, is likely to advance 'public confidence in the initiative and referendum process.'" Slip op. at 5-6.

The state makes several arguments, all of which are insufficient to show that the panel opinion was wrong, much less to justify rehearing en banc.

First, the state asserts that its interest in citizen petition challenges is "important," ignoring the fact that the panel found it unnecessary to resolve this issue, affirming on other grounds.

Second, the state says the earlier deadline does not impose a significant burden on speech, but as *SD Voice* recognized, "[i]t is common sense that cabining core political speech in the form of petition circulation to a period no closer than a year before an election would dilute the effectiveness of the speech." 60 F.4th at 1078. The state argues that petitioners have sufficient



Appellate Case: 25-2940 Page: 7 Date Filed: 09/16/2026 Entry ID: 5684274

time to circulate petitions, but as the panel observed, "the time it takes petitioners to circulate their petitions is not reflective of how long it may take parties to litigate petition challenges." Slip op. at 5 n.5.

Third, the state says the panel, by stating that the nine-month deadline fails to advance the state's alleged interest in pre-election litigation in a "meaningful" way, used an unduly harsh "meaningful" standard. But as the panel observed, the state *conceded* that its deadline must be "reasonable, nondiscriminatory, and further[] an *important* regulatory interest." Slip op. at 4, quoting *Miller v. Thurston*, 967 F.3d 727, 740 (8th Cir. 2020) (emphasis added). "Important" is more demanding than "meaningful." And "meaningless" state interests do not justify restricting core political speech.

Here, as in *SD Voice*, South Dakota "relies on a bare assertion of election integrity rather than evidence or a reasonable response connected to the filing deadline." 60 F.4th at 1081.

The state's fourth, fifth, and sixth arguments are based on cherry-picked excerpts from the record. To the extent the state previously made these

arguments, Dakotans for Health responded to them. Entry ID 5592938, Brief for Dakotans for Health at 31-47. The district court and the panel rejected them. Rehearing en banc is not an appropriate method to relitigate factual disputes.

The state says that pre-election challenges are preferable to post-election challenges. But South Dakota has firmly rejected this argument, in an unbroken line of cases stretching over 125 years that allow—or even require—election challenges to be brought *after* an election. Entry ID 5592938, Brief for Dakotans for Health at 31-34.

Most recently, in *Thom v. Barnett*, 967 N.W.2d 261 (S.D. 2021), the *state itself* waited until *after* voters enacted an initiated measure to challenge it, then successfully fought off its citizens' argument that the state was required to sue *before* the election. 967 N.W.2d at 274 ("Proponents' identification of other legal remedies that may have been available before the election does not mean these remedies were exclusive. . . . [W]e have previously considered post-election challenges where the defects were known and could have been

addressed before the election. (citation omitted). We therefore reject Proponents' claim that this action is untimely.")

The state's flip-flop—now rejecting the position it successfully argued five years ago in *Thom v. Barnett*—shreds its credibility. "Judicial estoppel protects the integrity of the judicial process by preventing a party from taking a position in a legal proceeding that is inconsistent with one it took earlier, simply because its interests have changed." *United States v. Hamed*, 976 F.3d 825, 828 (8th Cir. 2020) (cleaned up).

Finally, the state says that, in some unexplained way, a pre-election filing deadline suppresses petition *opponents'* core political speech. But it does no such thing. Opponents can speak all they want, all the time. In addition, the state waived this argument by failing to make it until oral argument.

In sum, the state fails to identify any issue worthy of rehearing or rehearing en banc, so its petition should be denied.

Dated: September 16, 2026 Respectfully submitted,

/s/ James D. Leach
James D. Leach

Certificate of Compliance

Pursuant to F.R.A.P. 32(g)(1) and 40(d)(3)(A), I certify that this response contains 1,495 words. It has been scanned for viruses and is virus-free.

/s/ James D. Leach
James D. Leach

Certificate of Service

I certify that on September 16, 2026, I filed this document electronically, thereby causing automatic electronic service to be made on all parties.

/s/ James D. Leach
James D. Leach



Appellate Case: 25-2940 Page: 11 Date Filed: 09/16/2026 Entry ID: 5684274